IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GILBERTO T ROLON,

    Plaintiff,

v.                                                  CASE NO. 1:10-cv-243-MP-GRJ

P BUHLER, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 26, Defendants' motion to dismiss the complaint for failure to exhaust administrative remedies and as frivolous. On May 18, 2011, the Court directed Plaintiff to respond to the motion, failing which the undersigned would recommend that this case be dismissed for the reasons stated in the motion. Doc. 27. Plaintiff was granted an extension of time until June 21, 2011, to respond to the motion. As of this date, Plaintiff has failed to respond to the motion to dismiss. Accordingly, for the following reasons, it is recommended that the motion to dismiss be **GRANTED**.

### I. Background

Plaintiff's claims stem from an injury to his shoulder in January 2009, while Plaintiff was confined at Mayo Correctional Institution. Plaintiff alleges that Defendants ignored his complaints of pain and requests for specific treatment, including surgery, and that he was forced to sign up for sick call, rather than being scheduled for follow-up treatment and medication. Plaintiff alleges that he was charged co-payments for necessary sick call visits, in violation of his constitutional rights.

Plaintiff alleges that Defendants' actions with respect to his treatment violated his rights under the Eighth Amendment, as well as his rights to due process and equal protection. Plaintiff seeks injunctive relief as well as monetary compensation.  Doc. 1.

## II.  Defendant's Motion to Dismiss

Defendants seek dismissal on the basis that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  Attached to the motion to dismiss is an affidavit of Florida Department of Corrections Management Analyst Rebecca Padgham.  Padgham attests that her review of the DOC administrative remedy records reveals that Plaintiff has filed two grievance appeals relating to medical treatment, both of which were returned without action as untimely because they were not filed within 15 days of the responses to Plaintiff's formal grievances, as required by F.A.C. § 33-103.014(l)(i).  Doc. 26, Exh. A.

## III.  Discussion

The Prison Litigation Reform Act, 42, U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions.  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock,* 549 U.S. 199, 211 (2002)*.*

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005).  "'[A] prisoner who does not

properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, he can file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[1]

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008)*.* Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008)*.* The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have

---

[1] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082.  If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

In this case, Defendants' motion and attached affidavit set forth uncontroverted facts showing that Plaintiff failed to timely appeal the denial of his formal grievances, as required by the applicable DOC regulations.  *See* Doc. 26 & Exh. A.  It is thus clear that Defendants' motion to dismiss for failure to exhaust administrative remedies is due to be granted.  *See Turner*, 541 F.3d 1082.

## IV.  Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED**:

That Defendants' Motion to Dismiss (Doc. 26) should be **GRANTED** and this case should be **DISMISSED** for failure to exhaust administrative remedies**.**

IN CHAMBERS  this 8th day of December 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**